**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> Nikola Corp., <br><br>                         Debtor. <br> Tax I.D. No. 82-4151153 | Chapter 11 <br><br> Case No. 25-10258 (\_\_\_) |
| In re: <br><br> Nikola Properties, LLC, <br><br>                         Debtor. <br> Tax I.D. No. 92-3313648 | Chapter 11 <br><br> Case No. 25-10259 (\_\_\_) |
| In re: <br><br> Nikola Subsidiary Corp., <br><br>                         Debtor. <br> Tax I.D. No. 82-2361876 | Chapter 11 <br><br> Case No. 25-10260 (\_\_\_) |
| In re: <br><br> Nikola Motor Co., LLC, <br><br>                         Debtor. <br> Tax I.D. No. 82-2520193 | Chapter 11 <br><br> Case No. 25-10261 (\_\_\_) |
| In re: <br><br> Nikola Energy Co., LLC, <br><br>                         Debtor. <br> Tax I.D. No. 81-3790706 | Chapter 11 <br><br> Case No. 25-10262 (\_\_\_) |

| | |
|---|---|
| In re:<br><br>Nikola Powersports LLC,<br><br>                      Debtor.<br>Tax I.D. No. 82-2526771 | Chapter 11<br><br>Case No. 25-10263 (\_\_\_) |
| In re:<br><br>Free Form Factory Inc.,<br><br>                      Debtor.<br>Tax I.D. No. 30-0852510 | Chapter 11<br><br>Case No. 25-10264 (\_\_\_) |
| In re:<br><br>Nikola H2 2081 W Placentia Lane LLC,<br><br>                      Debtor.<br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 25-10265 (\_\_\_) |
| In re:<br><br>4141 E Broadway Road LLC,<br><br>                      Debtor.<br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 25-10266 (\_\_\_) |
| In re:<br><br>Nikola Desert Logistics LLC,<br><br>                      Debtor.<br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 25-10267 (\_\_\_) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A**, directing the joint

administration of the above-captioned chapter 11 cases for procedural purposes only.  In support of this motion (this "Motion"), the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

### BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of this Motion, no trustee, examiner or statutory committee of creditors is appointed in these cases.

3

5. The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and the development of infrastructure for hydrogen fueling solutions. Founded in 2015, the Debtors are headquartered in Phoenix, Arizona and employ more than 850 employees.

6. Additional information about the Debtors including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

7. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m), the Debtors request that the Court direct the joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Nikola Corp., and that these chapter 11 cases be administered under the following caption:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

8. The Debtors further request that this Court order that the foregoing caption satisfies the requirements of section 342(c) of the Bankruptcy Code.

9. Additionally, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors, other than that of Nikola Corp., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 East Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against. . .a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested.

11. In addition, Local Rule 1015-1 provides in relevant part as follows:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

12. As described in the First Day Declaration, the Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Moreover, given the integrated nature of the Debtors' operations, joint administration of the chapter 11 cases will allow for the efficient administration of these chapter 11 cases by avoiding the substantial time and expense required in preparing, replicating, filing, and serving duplicate motion, notices, applications, and orders, and will ease the administrative burden for the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and other parties in interest.

13. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Creditors may still file claims against a particular Debtor or its estate (or against multiple Debtors and their respective estates), and the Debtors will maintain separate records of assets and liabilities. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## **NOTICE**

14. Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the DIP lender, if any and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. Given that this Motion seeks "first day" relief, within forty-eight hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and the order as required by Local Rule 9013-1(m). The Debtors submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court grant (i) this Motion by entering the proposed order substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as may be just and proper.

7

| Dated: February 19, 2025<br>Wilmington, Delaware | Respectfully submitted, |
|---|---|
| | /s/ Maria Kotsiras |
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email: joshua.morse@pillsburylaw.com<br>jonathan.doolittle@pillsburylaw.com | M. Blake Cleary (No. 3614)<br>Brett M. Haywood (No. 6166)<br>Maria Kotsiras (No. 6840)<br>Shannon A. Forshay (No. 7293)<br>Sarah R. Gladieux (No. 7404)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>bhaywood@potteranderson.com<br>mkotsiras@potteranderson.com<br>sforshay@potteranderson.com<br>sgladieux@potteranderson.com |
| -and- | |
| Andrew V. Alfano, Esq.<br>Caroline Tart, Esq.<br>Chazz C. Coleman, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>Email: andrew.alfano@pillsburylaw.com<br>caroline.tart@pillsburylaw.com<br>chazz.coleman@pillsburylaw.com | |

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> Nikola Corp., <br><br>                       Debtor. <br> Tax I.D. No. 82-4151153 | Chapter 11 <br><br> Case No. 25-10258 (\_\_\_) |
| In re: <br><br> Nikola Properties, LLC, <br><br>                       Debtor. <br> Tax I.D. No. 92-3313648 | Chapter 11 <br><br> Case No. 25-10259 (\_\_\_) |
| In re: <br><br> Nikola Subsidiary Corp., <br><br>                       Debtor. <br> Tax I.D. No. 82-2361876 | Chapter 11 <br><br> Case No. 25-10260 (\_\_\_) |
| In re: <br><br> Nikola Motor Co., LLC, <br><br>                       Debtor. <br> Tax I.D. No. 82-2520193 | Chapter 11 <br><br> Case No. 25-10261 (\_\_\_) |
| In re: <br><br> Nikola Energy Co., LLC, <br><br>                       Debtor. <br> Tax I.D. No. 81-3790706 | Chapter 11 <br><br> Case No. 25-10262 (\_\_\_) |

| | |
|---|---|
| In re: Nikola Powersports LLC, <br><br>                    Debtor. <br>Tax I.D. No. 82-2526771 | Chapter 11 <br><br>Case No. 25-10263 (___) |
| In re: Free Form Factory Inc., <br><br>                    Debtor. <br>Tax I.D. No. 30-0852510 | Chapter 11 <br><br>Case No. 25-10264 (___) |
| In re: Nikola H2 2081 W Placentia Lane LLC, <br><br>                    Debtor. <br>Tax I.D. No. N/A | Chapter 11 <br><br>Case No. 25-10265 (___) |
| In re: 4141 East Broadway Road LLC, <br><br>                    Debtor. <br>Tax I.D. No. N/A | Chapter 11 <br><br>Case No. 25-10266 (___) |
| In re: Nikola Desert Logistics LLC, <br><br>                    Debtor. <br>Tax I.D. No. N/A | Chapter 11 <br><br>Case No. 25-10267 (___) |

# ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) directing joint administration of these chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 25-10258 (\_\_\_).

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4. The caption of the jointly administered chapter 11 cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. The Clerk of the Court shall make a docket entry in each of the Debtors' chapter 11 cases, except that of Nikola Corp., substantially similar to the following:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-10258 ([___]), which should also be consulted for all matters affecting this case.

7. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases, with the assistance of the claims and noticing agent that the Debtors will retain in these chapter 11 cases.

8. Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise permitting the Debtors to file consolidated schedules of assets and liabilities, statements of financial affairs, or monthly operating reports.

9. Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the Debtors' right to seek substantive consolidation of their respective cases.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.